UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL HUCUL,

Plaintiff,

v.

SYLVIA MATHEW-BURWELL, et al.,

Defendants.

Case No.: 16-CV-1244 JLS (DHB)

**ORDER: (1) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO FILE ELECTRONICALLY, AND (2) DENYING PLAINTIFF'S MOTION FOR A MORE DEFINITIVE STATEMENT**

(ECF Nos. 54, 56)

Presently before the Court are Plaintiff Michael Hucul's Motion for Leave to File Electronically (CM/ECF Mot., ECF No. 54) and Motion for a More Definitive Statement, for ECF Nos. 33 & 36 (Rule 12(e) Mot., ECF No. 56).  Having considered Plaintiff's arguments and the law, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's CM/ECF Motion (ECF No. 54) and **DENIES** Plaintiff's Rule 12(e) Motion (ECF No. 56).

### CM/ECF MOTION

Generally, "[e]xcept as prescribed by local rule, order, or other procedure, the Court has designated all cases to be assigned to the Electronic Filing System."  Civ. L.R. 5.4(a). With respect to pro se litigants, however, "[u]nless otherwise authorized by the court, all documents submitted for filing to the Clerk's Office . . . must be in legible, paper form." Office of the Clerk, United States District Court for the Southern District of California,

Electronic Case Filing Administrative Policies and Procedures Manual § 2(b) (2015).

> A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual.

*Id.* The manual refers to the court's official web site for CM/ECF technical specifications, *id.* at § 1(i), which include a "computer running Windows or Macintosh"; "[s]oftware to convert documents from a word processor format to [PDF], such as Adobe Acrobat PDF Writer; "Adobe Acrobat 7.0 and higher meet the CM/ECF filing requirements"; "PDF compatible word processor like WordPerfect or Word"; "Internet access supporting a transfer rate of 56kb or higher"; a compatible browser, such as Firefox 15.x, Internet Explorer 9.x, or Safari 5.1/6.x; and a "[s]canner to image non-computerized documents 400 pixels per inch (ppi)," United States District Court, Southern District of California, CM/ECF: General Info, https://www.casd.uscourts.gov/CMECF/SitePages/Home.aspx (last visited July 8, 2016).

The Court denied without prejudice Plaintiff's prior motion for leave to file electronically for failing to make the requisite showing. (*See* ECF No. 34.) In the instant motion, Plaintiff explains that he

> is using a Mac computer with Safari that is PDF compatible with Adobe Acrobat 7.0 or higher and PDF Writer. Plaintiff has internet access with 56kb or higher and has a scanner to image non-computerized documents at 400(ppi). Plaintiff agrees to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual . . . .

(ECF No. 54 at 1.) Although the instant CM/ECF Motion demonstrates that Plaintiff's equipment and software meets most of the technical specifications required, it is unclear whether Plaintiff's Safari browser is compatible and whether Plaintiff's computer has a "PDF compatible word processor like WordPerfect or Word." Because Plaintiff still has not provided sufficient information, the Court again **DENIES WITHOUT PREJUDICE**

Plaintiff's CM/ECF Motion (ECF No. 54).  *See, e.g.*, *Procopio v. Conrad Prebys Trust*, No. 14CV1651 AJB KSC, 2015 WL 4662407, at *8 (S.D. Cal. Aug. 6, 2015) (denying motion for electronic filing access where plaintiff "does not provide sufficient information [as required in the CM/ECF Administrative Policies and Procedures Manual] for the Court to grant his request"); *Rojas-Vega v. U.S. Citizenship Immigration Serv.*, No. 13-CV-172-LAB, 2013 WL 2417937, at *3 (S.D. Cal. May 31, 2013) ("It is incumbent on [movant] to show he is able to file documents electronically, and reliably receive electronic notices, and his motion fails to do that.").

## Rule 12(e) MOTION

"Plaintiff respectfully motions this Honorable District Court for a more 'Definitive Statement' regarding 'join' and 'joinder' from Defendants Steven M. Bishop and the Law Office of Steven M. Bishop and Jeremy A. Martin and The Law Office of Jeremy Martin, (ECF Nos., 33 & 36)."  (Rule 12(e) Mot. 2, ECF No. 56.)  Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Federal Rule of Civil Procedure 7(a) provides that "[o]nly these pleadings are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."

"Rule 12(e) . . . does not provide for a responsive pleading to a motion to dismiss. Therefore, as a responsive pleading to defendant's motion to dismiss is not permitted or required in the present case under Rule 12(e), the plaintiff is not entitled to a more definite statement with respect to that motion."  *Kenney v. Fox*, 132 F. Supp. 305, 307 (W.D. Mich. 1955), *aff'd*, 232 F.2d 288 (6th Cir. 1956), *cert. denied*, 352 U.S. 855, 856.  Accordingly, the Court **DENIES** Plaintiff's Rule 12(e) Motion.  (ECF No. 56.)  The briefing schedule ordered on June 27, 2016 remains unchanged.  (*See* ECF No. 35.)

/ / /

**CONCLUSION**

In light of the foregoing, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's CM/ECF Motion (ECF No. 54) and **DENIES** Plaintiff's Rule 12(e) Motion (ECF No. 56).

**IT IS SO ORDERED.**

Dated: July 20, 2016

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

4