1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10
11

MICHAEL HUCUL,

Case No.: 16-CV-1244 JLS (DHB)

12

Plaintiff,

13

v.

14

SYLVIA MATHEW-BURWELL, et al.,

15

Defendants.

16
17
18

**ORDER (1) GRANTING
DEFENDANTS' MOTIONS TO
DISMISS; AND
(2) DENYING THE KRONZEK
DEFENDANTS' MOTION FOR
SANCTIONS**

(ECF Nos. 26, 27, 28, 29, 30, 32, 33, 43,
48, 51, 59, 77, 78, 80, 81, 83)

19

Presently before the Court are various Rule 12(b) motions filed by Defendants

20

Jeffrey Miller (ECF No. 26); Traci Hoppes (ECF No. 27); Garrison Klueck (ECF No. 28);

21

the Law and Mediation Firm of Klueck & Hoppes, APC (ECF No. 29); the Honorable

22

Michael D. Washington (ECF No. 30); County of San Diego (ECF No. 32); Steven M.

23

Bishop and The Law Office of Steven M. Bishop (ECF No. 33); State of Michigan and its

24

Governor Richard Dale Snyder (ECF No. 43); Charles M. Kronzek and Kronzek &

25

Cronkright P.L.L.C. (the "Kronzek Defendants") (ECF No. 48); County of Ingham and the

26

Honorable R. George Economy (ECF No. 51); American Bar Association and its president

27

Paulette Brown (ECF No. 59); State of California and its Governor Edmund Gerald Brown

28

Jr. (ECF No. 77); the Honorable Mike Bishop and the Honorable Darrell Issa (ECF No.

78); Department of Health and Human Services, Secretary Sylvia Mathews Burwell, Senator Gary Peters, Senator Debbie Stabenow, Senator Diane Feinstein, and Senator Barbara Boxer (ECF No. 80); and State Bar of Michigan and its President Lori Buiteweg (ECF No. 83) (collectively, the "MTDs"), as well as the Kronzek Defendants' Motion for Sanctions (ECF No. 81).

After granting several of Plaintiff's motions for extension of time, Plaintiff filed his responses to Defendants' various motions, (ECF Nos. 69, 74, 87, 88, 91, 94, 96, 99, 100, 101, 103), and in doing so violated the Court's several admonitions to file a single opposition to the Defendants' various motions, (ECF Nos. 86, 90, 98). Several Defendants have also filed replies to Plaintiff's responses. (ECF Nos. 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115.)

After reviewing the parties' arguments and the law, the Court **GRANTS** Defendants' Motions to Dismiss and **DISMISSES WITH PREJUDICE** Plaintiff's Complaint.

## BACKGROUND

Plaintiff filed a rambling 116-page complaint with hundreds of pages of attached exhibits against over thirty defendants. (ECF No. 1.) Plaintiff's alleged injuries stem from various events in a family court case beginning in Michigan and continuing to California, where it is currently pending in San Diego. (Compl. 29,[1] ECF No. 1.) The ongoing family court case began when Plaintiff and his then-wife Janet Kren filed for divorce in Michigan in September 2004. (*Id.* at 29, 39.) The Kronzek Defendants represented Ms. Kren in the Michigan proceedings. (*Id.* at 31.) These proceedings included orders regarding child support and other matters regarding Plaintiff's son, over which Judge Economy presided. (*Id.* at 32.) In 2012, the Michigan court granted Ms. Kren's request to move with her and Plaintiff's son to California. (*Id.* at 30.) Plaintiff moved from Michigan to California to be closer to his son. (*Id.* at 30, 49.) The family court case is ongoing in the Superior Court of

---

[1] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

California, County of San Diego. (*Id.* at 29.)

The complaint is not organized in any cognizable fashion, but it appears to the Court that Plaintiff accuses Defendants of violating his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution, as well as for "Fraud upon the Court." (*Id.* at 2.) Plaintiff seeks to maintain this case as a class action and remove the entirety of his ongoing state case to this Court. (*Id.* at 114.)

Plaintiff seeks a wide array of relief for various alleged wrongs. He seeks declaratory judgments that certain statutes and regulations relating to family law are unconstitutional. (*Id.* at 19–20, 38, 47, 73, 112.) He also complains that several orders issued by the judicial Defendants in this case were and are unconstitutional. (*Id.* at 32–34, 40–43, 46, 49, 51, 53–56, 60, 68, 70, 72, 74, 77–79, 83–84, 98, 102, 113.) And he complains that certain Defendants acted fraudulently or conspiratorially through "symbiotic" relationships in order to violate his constitutional rights throughout the course of the ongoing family court case. (*Id.* at 45, 46–49, 53, 57–59, 63–66, 68, 70, 72, 74, 77–79, 85, 89, 99, 113.) For these alleged violations, Plaintiff seeks declaratory, injunctive, and equitable relief, along with statutory and punitive damages. (*Id.* at 2.) He also seeks attorney's fees. (*Id.* at 114.)

**LEGAL STANDARDS**

**I.    Rule 12(b)(1)**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a court's subject matter jurisdiction. Federal district courts are courts of limited jurisdiction that "may not grant relief absent a constitutional or valid statutory grant of jurisdiction" and are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A–Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (internal quotations and citations omitted).

Rule 12(b)(1) motions may challenge jurisdiction facially or factually. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the

1  allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

2  **II.    Rule 12(b)(6)**

3          Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the

4  defense that the complaint "fail[s] to state a claim upon which relief can be granted,"

5  generally referred to as a motion to dismiss. The Court evaluates whether a complaint states

6  a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure

7  8(a), which requires a "short and plain statement of the claim showing that the pleader is

8  entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it

9  [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me

10 accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

11 *Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide

12 the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and

13 a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S.

14 at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice

15 if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S.

16 at 677 (citing *Twombly*, 550 U.S. at 557).

17          "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

18 accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting

19 *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible

20 when the facts pled "allow[] the court to draw the reasonable inference that the defendant

21 is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to

22 say that the claim must be probable, but there must be "more than a sheer possibility that a

23 defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability"

24 fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).

25 Further, the Court need not accept as true "legal conclusions" contained in the complaint.

26 *Id.* This review requires context-specific analysis involving the Court's "judicial

27 experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded

28 facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

Complaints must also comply with Federal Rule of Civil Procedure 8, which requires that each pleading include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1). A court may dismiss a complaint for failure to comply with Rule 8 where it fails to provide the defendant with fair notice of the wrongs allegedly committed. *See McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (upholding Rule 8(a) dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant").

Plaintiff is proceeding pro se; thus, the Court has and will continue to liberally construe his pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schriber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## ANALYSIS

Various Defendants move to dismiss Plaintiff's Complaint for failure to state a claim for relief. The Court largely agrees with Defendants, and more fundamentally concludes that Plaintiff's Complaint fails to comply with the basic requirements of Federal Rule of Civil Procedure 8(a). *See Davis v. Unruh*, No. 3:16-CV-0897-BTM-WVG, 2016 WL 4142338, at *5 (S.D. Cal. Aug. 4, 2016) (finding same based on similar facts); *see also Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011) (collecting cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," comprised of "incomprehensible rambling," and noting that "[o]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of *War and Peace* to discern a plaintiff's claims and allegations."). But there is still a larger, jurisdictional problem in

1    this case.[2] Accordingly, the Court **GRANTS** Defendants' Motions to Dismiss based on the

2    following.

3    **I.    *Rooker-Feldman* Doctrine**

4            Under the *Rooker-Feldman* Doctrine, federal courts lack subject matter jurisdiction

5    to hear what are essentially appeals from state court judgments. *See Exxon Mobil Corp. v.*

6    *Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005); *Cooper v. Ramos*, 704 F.3d 772,

7    778 (9th Cir. 2012) ("It is a forbidden de facto appeal under *Rooker–Feldman* when the

8    plaintiff in federal district court complains of a legal wrong allegedly committed by the

9    state court, and seeks relief from the judgment of that court." (internal quotation marks

10   omitted)). "The purpose of the doctrine is to protect state judgments from collateral federal

11   attack. Because district courts lack power to hear direct appeals from state court decisions,

12   they must decline jurisdiction whenever they are 'in essence being called upon to review

13   the state court decision.'" *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030

14   (9th Cir. 2001).

15          A district court is further barred from considering claims that are "inextricably

16   intertwined" with a state court judgment. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th

17   Cir. 2003). A claim is "inextricably intertwined" with a state court judgment if "the

18   adjudication of the federal claims would undercut the state ruling or require the district

19   court to interpret the application of state laws or procedural rules . . . ." *Id.*

20          The *Rooker–Feldman* jurisdictional bar applies even if the complaint raises federal

21   constitutional issues. *D.C. Ct. App. v. Feldman*, 460 U.S. at 483 n.16, 486; *Henrichs v.*

22   *Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007). More specifically, the bar applies if

23   the challenge to the state court decision is brought as a § 1983 civil rights action alleging

24   violations of the Due Process Clause. *See Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995);

25   *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.4 (9th Cir. 1986).

26

27   ───────────────

28   [2] For this reason, the Court need not reach Defendants' several other arguments regarding, e.g., judicial
     immunity, lack of personal jurisdiction, or sovereign immunity under the Eleventh Amendment.

The Court concludes that it lacks subject matter jurisdiction over Plaintiff's case regarding the state court's prior orders under the *Rooker-Feldman* doctrine. Plaintiff seeks damages, declaratory, and injunctive relief based on the outcome of various proceedings in Ingham County Circuit Court and San Diego Superior Court. At their core, Plaintiff's various claims against all Defendants hinge on his allegations that these state court decisions deprived him of various constitutional rights. In other words, Plaintiff seeks to challenge, here in federal court, adverse rulings in state court. This is precisely the type of case *Rooker-Feldman* bars. *See Nadolski v. Winchester*, No. 13-CV-2370-LAB-DHB, 2014 WL 3962473, at *4 (S.D. Cal. Aug. 13, 2014). "It is well-established that when a plaintiff brings a claim to federal court that challenges the outcome of proceedings in family court, such a claim is barred by the [*Rooker-Feldman*] doctrine." *Id.* (collecting authority); *see also Moore v. Cnty. of Butte*, 547 F. App'x 826, 829 (9th Cir. 2013) (affirming dismissal on *Rooker-Feldman* grounds a federal suit arising out of state court divorce and child custody proceedings); *Gomez v. San Diego Family Ct.*, 388 F. App'x 685 (9th Cir. 2010) (affirming district court's dismissal of action challenging state court child custody decision under *Rooker-Feldman*); *Sareen v. Sareen*, 356 F. App'x 977 (9th Cir. 2009) (affirming district court's dismissal of action alleging constitutional violations in plaintiff's child custody proceedings under *Rooker-Feldman*).

The different types of allegations in Plaintiff's Complaint do not alter the Court's conclusion. Plaintiff's request that the Court review the constitutionality of certain judicial orders is without question barred under *Rooker-Feldman*. *See, e.g.*, *Nadolski*, 2014 WL 3962473, at *4. Plaintiff also seeks declaratory judgment that certain statutes and regulations are unconstitutional. But the Court is not convinced that these are general attacks on the constitutionality of these provisions. *See Cooper*, 704 F.3d at 777–78 ("To determine whether an action functions as a de facto appeal, we 'pay close attention to the *relief* sought by the federal-court plaintiff.'" (citation omitted) (emphasis in original)). Rather, a review of the Complaint demonstrates that Plaintiff attacks these statutes and regulations in order to void the orders and other proceedings in his ongoing state court case.

(*See, e.g.*, Compl. 83 ("Therefore this Plaintiff respectfully prays . . . [that] . . . the orders issued by [Judge Washington] . . . be voided for vagueness . . . ."), ECF No. 1.) Here, Plaintiff "both asserts as [his] injury legal error or errors by the state court *and* seeks as his remedy relief from the state court judgment." *Cooper*, 704 F.3d at 781 (emphasis in original) (citing *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004)). Because Plaintiff in fact challenges the various outcomes in his ongoing state case, it is "immaterial that [Plaintiff] frames his federal complaint as a constitutional challenge to the state court['s] decision[], rather than as a direct appeal of th[at] decision." *Id.* (internal quotation marks omitted) (citing *Bianchi*, 334 F.3d at 900 n.4). Thus, the Court concludes that Plaintiff's claims for declaratory judgment are barred under *Rooker-Feldman*. *See id.* at 779–81 (finding that *Rooker-Feldman* barred a claim where the plaintiff argued that he was "not attacking the specific interpretation that the Superior Court applied to his case, but rather that [the statute], *as written by the California legislature and as interpreted by the California Courts*, constitute[d] an unconstitutional denial of due process" (emphasis in original)).

Nor do Plaintiff's allegations of fraudulent activity or conspiracies to deprive him of his constitutional rights based on a "symbiotic relationship" between the Defendants fare any better. (*See, e.g.*, Compl. 113 (arguing that all of the named Defendants had a "symbiotic relationship" that allowed them to collectively deprive Plaintiff of his constitutional rights in ordering him to pay child support), ECF No. 1.) As with Plaintiff's constitutional challenge, these claims are a thinly veiled backdoor into attacking the state court's decisions regarding his child support payments. (*See, e.g.*, *id.* at 53 (lamenting the fact that a San Diego Superior Court order replaced a more favorable order to Plaintiff where the previous order "was granted by the Court and no level of chicanery on the part of Mr. Martin or the State of California and the County of San Diego's 'symbiotic' relationship with Mr. Bishop should have been allowed to violate my substantive due process rights").) Indeed, Plaintiff's request that this Court evaluate the motives and activities of the named states, governors, agencies, congressional leaders, judges, lawyers,

and legal organizations in passing, enforcing, or prosecuting certain regulations and statutes, in order to *invalidate* the various state court orders against him based on those same regulations and statutes, would impermissibly "undercut the state ruling[s]" on these issues. *See Bianchi*, 334 F.3d at 898; *see also Doe & Assocs. Law Offices*, 252 F.3d at 1030 (noting that "where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined"). In other words, Plaintiff's "alleged conspiracy is a fig leaf for taking aim at the state court's own alleged errors. It is precisely this sort of horizontal review of state court decisions that the *Rooker–Feldman* doctrine bars." *Cooper*, 704 F.3d at 782.

To be sure, there is an exception to the *Rooker-Feldman* doctrine where the state court's judgment is based on extrinsic fraud. *See Noel*, 341 F.3d at 1164. "Extrinsic fraud is conduct which prevents a party from presenting his claim in court." *Kougasian*, 359 F.3d at 1140 (internal quotation marks and citation omitted). But from what the Court can decipher from his Complaint, Plaintiff's two discrete allegations of external fraud do not demonstrate that any Defendant prevented him from presenting his claim to the Court. First, the fact that the Kronzek Defendants presented Plaintiff with a court order, signed by Judge Economy allegedly without a hearing, (Compl. 32, ECF No. 1), is not indicative of external fraud; rather, it reflects the internal process of the state court. To the extent Plaintiff objected to Judge Economy's order, he could have sought proper recourse in the state proceedings. Second, Plaintiff argues that various attorneys, including his own attorneys, acted fraudulently when presenting a document for the state court judge's approval that was different than what Plaintiff allegedly agreed to. (*See, e.g.*, *id.* at 87–89.) But this does not change the fact that, through his counsel, Plaintiff presented his claim in court, or that Plaintiff could have petitioned the court to reconsider its allegedly erroneous decision or appealed it.[3] And again, the *ex parte* nature of opposing counsel's hearing with

---

[3] Whether Plaintiff also seeks to hold his attorneys accountable for ineffective assistance of counsel, which seems to be the core of this particular claim, (Compl. 87–89, ECF No. 1), is available to him in state court.

the state court judge in this particular matter, (*id.*), speaks to the internal processes of the state court proceedings, not an external fraud. Finally, even assuming these claims of fraud are an exception to the *Rooker-Feldman* doctrine, the Court concludes that Plaintiff fails to allege facts plausibly showing that the Defendants acted fraudulently or that their actions caused a grave miscarriage of justice. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (listing elements of California fraud claim); *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003) (discussing fraud on the court). Thus, the Court finds that Plaintiff has failed to demonstrate an extrinsic fraud exception to the jurisdictional bar set forth by the *Rooker-Feldman* doctrine.

Accordingly, the Court **GRANTS** Defendants' Motions to Dismiss based on the *Rooker-Feldman* doctrine.

## II.  *Younger* Abstention

Even if this case is not barred under *Rooker-Feldman*, or to the extent Plaintiff seeks to enjoin or other federal intervention in his ongoing state proceedings, the Court concludes that it must abstain from hearing this case under the principles of *Younger* abstention. *See H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 612 (9th Cir. 2000). In *Younger v. Harris*, an appellee sought injunctive relief in federal court, effectively challenging a pending state-court indictment and charged violation of the California Penal Code. 401 U.S. 37, 38 (1971). A three-judge Federal District Court held that it had jurisdiction and power to grant the injunction; but the Supreme Court reversed. *Id.* at 38, 50–54. The Court held that federal courts may not enjoin pending state criminal prosecutions "even if such statutes [under which plaintiffs are charged] are unconstitutional . . . ." *Id.* at 49 (citation omitted); *see also id.* at 54 (noting that the *Younger* principle is supplemental to the prohibition on injunctions set forth in the Anti-Injunction Act, 28 U.S.C. § 2283).

Subsequently, the *Younger* principle has been expanded from pending state criminal prosecutions to pending state civil suits, *see, e.g.*, *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987), and pending state administrative proceedings involving "important state interests," *see, e.g.*, *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 627

(1986). "The Supreme Court in *Younger* 'espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.'" *Koppel*, 203 F.3d at 613 (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)). "Absent extraordinary circumstances, *Younger* abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff with an adequate opportunity to litigate federal claims." *Id.* (citing *San Remo Hotel v. City of S.F.*, 145 F.3d 1095, 1103 (9th Cir. 1998)).

The first requirement is satisfied, since Plaintiff admits that the proceedings in San Diego Superior Court are ongoing.[4] (*See* Compl. 29, ECF No. 1.) Second, important state interests are also implicated. "Family relations are a traditional area of state concern." *Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (internal quotation marks omitted) (quoting *Moore v. Sims*, 442 U.S. 415, 435 (1979)). The state "has a vital interest in protecting 'the authority of the judicial system, so that its orders and judgments are not rendered nugatory.'" *Id.* (quoting *Juidice v. Vail*, 430 U.S. 327, 336 n.12 (1977)). "This is a particularly appropriate admonition in the field of domestic relations, over which federal courts have no general jurisdiction, . . . and in which the state courts have a special expertise and experience." *Id.* (citations omitted). Third, Plaintiff indisputably has an adequate forum in which to pursue his federal claims, since San Diego Superior Court is a court of general jurisdiction. *Id.*; *see also Monteagudo v. Alksne*, No. 11-CV-1089-IEG BGS, 2011 WL 3903226, at *4 (S.D. Cal. Sept. 6, 2011) (collecting further reasons for adequacy of a state court forum). And Plaintiff fails to persuade the Court that any exceptions to *Younger* abstention apply. *See, e.g.*, *Younger*, 401 U.S. at 49, 53–54. Thus, the Court concludes that "[t]his is precisely the type of case suited to *Younger* abstention." *Koppel*, 203 F.3d at 613.

/ / /

/ / /

---

[4] Additionally, pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of Plaintiff's ongoing and prior state court proceedings because they are matters of public record. *See also Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001).

Indeed, as in *Koppel*, here

> Plaintiff[] desire[s] wholesale federal intervention into an ongoing state domestic dispute. [He] seek[s] vacation of existing interlocutory orders, and a federal injunction directing the future course of the state litigation. This is not the proper business of the federal judiciary.

203 F.3d at 613–14; *see also Davis v. Unruh*, No. 3:16-CV-0897-BTM-WVG, 2016 WL 4142338, at *4 (S.D. Cal. Aug. 4, 2016) (finding same in a case with similar facts). Accordingly, the Court finds that *Younger* abstention is appropriate and **GRANTS** Defendants' Motions to Dismiss.

## III.   Sanctions

The Kronzek Defendants also move the Court for sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 11. (ECF No. 81.) The Kronzek Defendants argue that sanctions are appropriate because Plaintiff's Complaint is frivolous, lacking any factual or legal basis for support. (*Id.* at 7.) Thus, the Kronzek Defendants ask the Court to award them $15,050 for their attorneys' fees and costs incurred in defending this action thus far.

A court may impose sanctions under Federal Rule of Civil Procedure 11 if the "pleading, motion, or other paper" in question is either frivolous or brought for an improper purpose. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc) (citing *Zaldivar v. City of L.A.*, 780 F.2d 823, 832 (9th Cir. 1986), *overruled on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)); *see* Fed. R. Civ. P. 11(b). Both inquiries are objective. *Townsend*, 929 F.2d at 1362 (citing *Zaldivar*, 780 F.2d at 829).

Before filing a motion for sanctions with the court, the movant must first serve the motion on the other party and give him at least twenty-one days in which to correct or withdraw the challenged pleading. Fed. R. Civ. P. 11(c)(2). Rule 11 sanctions "are limited to 'paper[s]' signed in violation of the rule. Conduct in depositions, discovery meetings of counsel, oral representations at hearings, and behavior in prior proceedings do not fall within the ambit of Rule 11." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1131 (9th Cir. 2002).

The court "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). "If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." *Id.* at 11(c)(2).

The Court is sympathetic to the Kronzek Defendants'—and doubtless the remaining Defendants'—difficulty with deciphering and responding to Plaintiff's Complaint and various oppositions. However, the Court does not believe it is appropriate to impose sanctions in this case. Specifically, a claim is not objectively baseless as long as there is "*some* plausible basis" for the argument, even if that basis is "quite a weak one." *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1117 (9th Cir. 2001) (emphasis in original). As discussed above regarding the *Rooker-Feldman* doctrine's applicability to this case, Plaintiff at least raised a weak question regarding whether the Kronzek Defendants committed an external fraud. Nor does the Court find that Plaintiff brought this case for an improper purpose. And, even if sanctions are appropriate in this case, the Court is convinced that a dismissal of Plaintiff's Complaint with prejudice is an adequate sanction.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motions to Dismiss (ECF Nos. 26, 27, 28, 29, 30, 32, 33, 43, 48, 51, 59, 77, 78, 80, 83) and **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) ("It is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile."). The Court also **DENIES** the Kronzek Defendants' Motion for Sanctions (ECF No. 81). This Order ends the litigation in this matter. The Clerk of Court **SHALL** close the file.

**IT IS SO ORDERED**.

Dated:  February 6, 2017

Hon. Janis L. Sammartino
United States District Judge

16-CV-1244 JLS (DHB)