UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HUCUL,<br><br>                    Plaintiff,<br><br>v.<br><br>SYLVIA MATHEW-BURWELL, et al.,<br><br>                    Defendants. | Case No.: 16-CV-1244 JLS (DHB)<br><br>**ORDER DENYING MOTION FOR INJUNCTION PENDING APPEAL**<br><br>(ECF No. 124) |

Presently before the Court is Plaintiff Michael Hucul's Motion to Grant a Temporary Injunction During the Appeal Process Pursuant to Rule 62(c) and Federal Rule of Appellate Procedure 8. ("PI App. Mot.", ECF No. 124.) After considering Plaintiff's arguments and the law, the Court **DENIES** Plaintiff's motion.

## LEGAL STANDARD

Federal Rule of Appellate Procedure 8(a)(1)(c) allows a party to move the district court to issue, among other things, injunctive relief pending an appeal. However, the Federal Rules of Appellate Procedure govern only the procedures in the courts of appeal. *See* Fed. R. App. P. 1. In addition, "[w]hen these rules provide for filing a motion or other document in the district court, the procedure must comply with the practice of the district court." Fed. R. App. P. 1(a)(2). Thus, the Court construes Plaintiff's motion as one under

///

Federal Rule of Civil Procedure 62(c), which allows a district court to grant an injunction pending appeal "from . . . [a] final judgment that . . . denies an injunction . . . ."

"Like any injunction, an injunction pending appeal is 'an extraordinary remedy that should be granted sparingly.'" *Sierra Forest Legacy v. Rey*, 691 F. Supp. 2d 1204, 1207 (E.D. Cal. 2010). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)); *see also Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009); *Rey*, 691 F. Supp. 2d at 1207. In the Ninth Circuit, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted) (concluding that this "sliding scale" approach survives after the Supreme Court's decision in *Winter*). This is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 20. To warrant injunctive relief, irreparable injury must be more than merely possible. *See Midgett v. Tri-Cty. Metro. Transp. Dist. of Or.*, 254 F.3d 846, 850 (9th Cir. 2001). Rather, the plaintiff must show "that he faces a real or immediate threat" that he will suffer irreparable harm. *Id.* Plaintiffs seeking a preliminary injunction carry a particularly "heavy burden" of proving their entitlement to it. *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010); *see also Munaf*, 553 U.S. at 689 ("A preliminary injunction is an 'extraordinary and drastic remedy.'").

/ / /

/ / /

/ / /

/ / /

## ANALYSIS

On May 25, 2016, Plaintiff filed suit against over thirty Defendants for alleged injuries stemming from various events in a family court case beginning in Michigan and continuing to California, where it is currently pending in San Diego. (*See* Compl. 29,[1] ECF No. 1.) Several Defendants filed motions to dismiss, (*see* ECF Nos. 26, 27, 28, 29, 30, 32, 33, 43, 48, 51, 59, 77, 78, 80, 81, 83), and the Court granted these motions and dismissed Plaintiff's case with prejudice, (*see* MTD Order, ECF No. 118). The Clerk of Court entered judgment against Plaintiff and closed the case. (ECF No. 119.) Plaintiff subsequently appealed the Court's decision to the Ninth Circuit, where it remains pending. (ECF Nos. 120, 121, 122, 123.)

Plaintiff now moves the Court for an injunction. Specifically, during the pendency of his Ninth Circuit appeal, Plaintiff seeks "a temporary injunction against the State of California, the County of San Diego and their Department of Child Support Services from suspending Mr. Hucul's brokers license, his passport, confiscating any of Mr. Hucul's property including IRS or State of California tax returns and from making reports to any credit reporting agencies." (PI App. Mot. 11, ECF No. 124.)

Plaintiff's motion fails. To the extent his request is premised on the claims of his initial complaint, which appears to be the case, (*see id.* at 4–9), the Court finds that, consistent with its Order dismissing Plaintiff's case, Plaintiff is unlikely to succeed on the merits of those claims. (*See generally* MTD Order, ECF No. 118 (assessing Plaintiff's claims and dismissing them with prejudice).) Nor does Plaintiff demonstrate that there are at least serious questions going to the merits of his case. These failures are fatal to Plaintiff's request. *See Winter*, 555 U.S. at 20; *Cottrell*, 632 F.3d at 1135. And Plaintiff fails to discuss the other *Winter* factors required for a preliminary injunction. Accordingly, the Court **DENIES** Plaintiff's motion for an injunction pending appeal.

---

[1] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion for an injunction pending appeal (ECF No. 124).

**IT IS SO ORDERED.**

Dated: April 11, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge